UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARILYN WALL,<br>    816 Van Nes Drive<br>    Cincinnati, OH 45246<br><br>LEONARD H. FREMONT,<br>    816 Van Nes Drive<br>    Cincinnati, OH 45246<br><br>        Plaintiffs,<br><br>    v.<br><br>GALE NORTON, sued in her official capacity as<br>Secretary of the Interior,<br>United States Department of the Interior,<br>    1849 C Street, N.W.<br>    Washington, D.C. 20240<br><br>        Defendant. | Civil Action No.: |

**COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

**INTRODUCTION**

1.  Plaintiffs, Marilyn Wall and Leonard H. Fremont, challenge the failure of Defendant, Gale Norton, Secretary of the Interior ("Secretary"), to designate critical habitat for the Lake Erie Watersnake (*Nerodia sipedon insularum*).

2.  The Lake Erie Watersnake is listed as a "threatened" species pursuant to the Endangered Species Act ("ESA"), 16 U.S.C. §§ 1531-1544 (2000). 64 Fed. Reg. 47,126 (Aug. 30, 1999). Thus, the Secretary has a mandatory duty under the ESA to designate critical habitat for this listed species. 16 U.S.C. § 1533(a)(3)(A).

1

3.    Defendant's decision that designation of critical habitat for the Lake Erie Watersnake is "not prudent" is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, and/or constitutes agency action unlawfully withheld or unreasonably delayed within the meaning of the Administrative Procedure Act ("APA").  5 U.S.C. §§ 701-706 (2000).

4.    Plaintiffs seek declaratory judgment and injunctive relief against Defendant for Defendant's violations of the law.

## JURISDICTION, NOTICE AND VENUE

5.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), § 1346 (U.S. as defendant); 16 U.S.C. §§ 1540 (c) and (g) (action arising under the ESA citizen suit provision); and 5 U.S.C. §§ 701-706 (APA).  The requested relief is appropriate pursuant to 28 U.S.C. §§ 2201-2202, 5 U.S.C. §§ 701 et seq., and 16 U.S.C. § 1540(g)(1).

6.    On April 27, 2005, Plaintiffs provided Defendant with written notice of their intent to file suit regarding Defendant's alleged violation of the ESA as set forth in this complaint.  More than 60 days has passed since Defendant received this letter.  Defendant did not act to remedy her violations of law.

7.    An actual and present controversy exists between the parties within the meaning of the Declaratory Judgment Act.  28 U.S.C. § 2201.

8.    Defendant officially resides in Washington, D.C .  Furthermore, the actions and omissions alleged in this case occurred in Washington, D.C.  Thus, venue is properly vested in this Court pursuant to 16 U.S.C. § 1540(g)(3)(A) and 28 U.S.C. § 1391(e).

## PARTIES

9.  Plaintiffs MARILYN WALL and LEONARD H. FREMONT are two individuals who reside in Ohio. Plaintiffs use and enjoy, and intend to continue to use and enjoy, lands where the Lake Erie Watersnake is found and which would likely be designated as critical habitat under proper application of the ESA. Plaintiffs have an interest in the protection, preservation, and restoration of the Lake Erie Watersnake and its habitat. The Plaintiffs' interests have been, are being, and unless the relief is granted, will continue to be adversely affected and injured by the Defendant's ESA violations.

10.  Defendant GALE NORTON is sued in her official capacity as the Secretary of the United States Department of the Interior. The Secretary is the federal official in whom the ESA vests final responsibility for making decisions and promulgating regulations required by the ESA, including proposed and final critical habitat designations.

## ENDANGERED SPECIES ACT

11.  The ESA is a federal statute designed "to provide a means whereby the ecosystems upon which endangered species and threatened species depend may be conserved, [and] to provide a program for the conservation of such endangered and threatened species …" 16 U.S.C. § 1531(b).

12.  To achieve these objectives, the ESA requires that the Defendant protect such species through listing them as either "threatened" or "endangered" and by designating "critical habitat" for each listed species. 16 U.S.C. § 1533.

13.  Critical habitat is defined in the ESA as:

> (i) the specific areas within the geographical area occupied by the species, at the time it is listed in accordance with the [Act], on which are found

>those physical or biological features (I) essential to the conservation of the species and (II) which may require special management considerations or protection; and
>
>(ii) specific areas outside the geographical area occupied by the species at the time it is listed in accordance with provisions of section 1533 of this title, upon a determination by the Secretary that such areas are essential for the conservation of the species.

16 U.S.C. § 1532(5)(A)(i).

14. Conservation is defined as the "use of all methods and procedures which are necessary to bring any endangered species or threatened species to the point at which the measures provided … are no longer necessary."  16 U.S.C. § 1532(3).

15. Under the ESA, the Defendant must designate critical habitat for each threatened or endangered species "concurrently" with listing the species to the maximum extent prudent and determinable.  16 U.S.C. § 1533(a)(3)(A).  The Defendant "may, from time-to-time thereafter as appropriate, revise such designation."  16 U.S.C. § 1533(a)(3)(B).

16. However, the Secretary may decide not to designate critical habitat for a threatened or endangered species if she finds it is "not prudent" to do so.  16 U.S.C. § 1533(a)(3)(A); 50 C.F.R. § 424.12(a)(1).

17. Under FWS's regulations, critical habitat designation is "not prudent" only when one or both of the following situations exist:

>(i) the species is threatened by taking or other human activity, and identification of critical habitat can be expected to increase the degree of such threat to the species, or
>
>(ii) such designation of critical habitat would not be beneficial to the species.

50 C.F.R. § 424.12(a)(1).

18. When Congress created the current critical habitat designation process, it clearly stated that the exemption to designating critical habitat was to be used sparingly: "It is only in

4

rare circumstances where the specification of critical habitat concurrently with listing would not be beneficial to the species." H.R. Rep. No. 1625, at 17 (1978), reprinted in 1978 U.S.C.C.A.N. 9453, 9467.

19.     Designated critical habitat provides protection to species beyond the protection that comes from mere listing. For example, during Section 7 consultations, a federal agency must consider whether its action will adversely modify designated critical habitat.

## STATEMENT OF FACTS

### Lake Erie Watersnake

20.     The Lake Erie Watersnake (*Nerodia sipedon insularum)* is a nonvenomous snake with a limited population and distribution. It is a separate subspecies from the "common and widely distributed" Northern Watersnake (*Nerodia sipedon sipedon)*. 64 Fed. Reg. 47,126 (Aug. 30, 1999). The Lake Erie Watersnake resides exclusively on offshore islands and rock outcrops in Lake Erie and prefers habitat along the shorelines that are "rocky or contain limestone/dolomite shelves and ledges" whereas the Northern Watersnake resides on the mainland in "heavily vegetated locations." *Id.*

21.     The current population and range of the Lake Erie Watersnake is significantly less than historic numbers. U.S. Fish and Wildlife Service, *Lake Erie Watersnake Recovery Plan (Nerodia sipedon insularum)*, 3 (2003). "The historic range of the Lake Erie Watersnake included 22 or more offshore islands and rock outcrops," but it is no longer found on three of the islands and the "population sizes have declined significantly on the remaining islands." *Id.*

### Lake Erie Watersnake Listing as Threatened Species

22.     On August 30, 1999, the FWS, pursuant to the Secretary's authority, listed the Lake Erie Watersnake as a threatened species, specifically covering those that reside on the

5

offshore islands and adjacent waters of the United States and Canada, and excluding those found on the U.S. and Canadian mainlands. 64 Fed. Reg. 47,126.

23.     In determining to list the Lake Erie Watersnake, FWS found that it was threatened by: (1) habitat destruction from the "construction of shoreline cottages, marinas, docks, and sea walls, the filling of lagoons, and the mining of quarries"; and (2) persecution by humans. *Id.* at 47,130-47,131.

24.     On September 25, 2003, FWS published in the Federal Register a notice of an approved recovery plan for the Lake Erie Watersnake. 68 Fed. Reg. 55,411 (Sept. 25, 2003). FWS again indicated that one of the major threats to the species is "loss of suitable summer and hibernation habitat through development." *Id.*

### Defendants' Abuse of the "Not Prudent" Exception

25.     In its final rule listing the Lake Erie Watersnake as a threatened species, FWS determined that it was "not prudent" to designate critical habitat for the species.

26.     FWS justified this finding of "not prudent" by arguing that designation of critical habitat for the Lake Erie Watersnake would not be beneficial the species because habitat protection for the Lake Erie water snake can be accomplished through the section 7 jeopardy standard[.]. 64 Fed. Reg. 47,126, 47,132. However, critical habitat designation extends protection to species habitat by prohibiting actions that adversely modify critical habitat instead of only actions that jeopardize the survival or recovery of the species. In addition, critical habitat can include unoccupied habitat which would receive no protection under the Section 7 jeopardy standard.

27.     A second justification by the FWS for the "not prudent" finding was that publication of critical habitat maps might increase persecution threats. *Id.* The final listing rule

does not provide any evidence that publication of critical habitat maps will increase the threat of illegal take above the current levels. *Id.* The final listing rule also ignores the fact that Lake Erie Watersnake location data and sighting information either has been published by the FWS or is already widely disseminated in the public domain.

28. In making its "not prudent" finding, the FWS failed to discuss the benefits of designating critical habitat and provided no evidence that the perceived harm outweighs the benefits of designating critical habitat for the Lake Erie Watersnake. FWS ignored its own conclusion that the destruction of habitat is a major reason for the decline in population numbers of the Lake Erie Watersnake.

29. The failure to designate critical habitat has resulted in ongoing destruction of the species' critical habitat and is resulting in a piecemeal strategy for the protection of the Lake Erie Watersnake by local, state and other federal agencies, rather than having a comprehensive strategy of the species habitat requirements for survival and recovery which would lead to eventually delisting the Lake Erie Watersnake.

## CLAIM FOR RELIEF

**Violation of the Endangered Species Act: Failure to Designate Critical Habitat**

30. Each and every allegation set forth in all paragraphs of this Complaint is incorporated herein by reference.

31. The Defendant violated the ESA by not designating critical habitat for the Lake Erie Watersnake. See 16 U.S.C. §§ 1533(a)(3)(A); (b)(6)(A)(ii); (b)(6)(C)(ii). By issuing an improper "not prudent" finding and failing to designate critical habitat for the Lake Erie Watersnake, the Defendant failed to perform her non-discretionary duty under the ESA, and issued a decision which was arbitrary, capricious, or otherwise not in accordance with law in

violation of the ESA, 16 U.S.C. § 1540(g)(1)(C), and/or the judicial review provisions of the APA, 5 U.S.C. §§ 701-706.

## PRAYER FOR RELIEF

FOR THESE REASONS, Plaintiffs respectfully request that this Court enter judgment for the Plaintiffs providing for the following relief:

1. A declaratory judgment that the Defendant violated the ESA and/or APA by failing to designate critical habitat for the Lake Erie Watersnake;

2. Injunctive relief requiring the Defendant to designate critical habitat for the Lake Erie Watersnake in compliance with the ESA and APA by a certain date;

3. An order awarding Plaintiffs' their costs of litigation, including reasonable attorneys' fees; and

4. Such other relief as the Court deems just and proper.

Respectfully Submitted,

/s
Robert Ukeiley,(MD14062)

Law Office of Robert Ukeiley
433 Chestnut Street
Berea, KY 40403
Phone: (859) 986-5402
Fax: (859) 986-1299
E-mail: rukeiley@igc.org

Counsel for Plaintiffs

Dated: July 6, 2005