UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MARILYN WALL and <br> LEONARD H. FREMONT, <br><br>     Plaintiffs, <br><br>   v. <br><br> GALE NORTON, sued in her official <br> capacity as Secretary of the Interior, United <br> States Department of the Interior, <br><br>     Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civ. No. 05-01363-RCL <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## ANSWER TO COMPLAINT
## FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

Federal Defendant, Gale Norton, sued in her official capacity as Secretary of the Interior, United States Department of the Interior, by and through counsel, using the same paragraph numbering as in Plaintiffs' Complaint for Declaratory Judgment and Injunctive Relief, answers the allegations therein as follows:

1. Paragraph 1 of the Complaint is Plaintiffs' characterization of this action, which requires no response.

2. The allegations contained in the final sentence of Paragraph 2 of the Complaint set forth a statement of law to which no response is required; but to the extent a response is required, the allegations are denied. Federal Defendant admits the remaining allegations contained in Paragraph 2.

3.      The allegations contained in the Paragraph 3 of the Complaint set forth a statement of law to which no response is required; but to the extent a response is required, the allegations are denied.

4.      Paragraph 4 of the Complaint states Plaintiffs' prayer for relief to which no response is required; but insofar as an answer may be deemed to be required, Federal Defendant denies that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

5.      The allegations contained in the Paragraph 5 of the Complaint set forth a statement of law to which no response is required.

6.      The allegations contained in the final sentence of Paragraph 6 of the Complaint set forth a statement of law to which no response is required; but to the extent a response is required, the allegations are denied. Federal Defendant admits the remaining allegations contained in Paragraph 6.

7.      The allegations contained in the Paragraph 7 of the Complaint set forth a statement of law to which no response is required.

8.      Federal Defendant admits that she officially resides in Washington D.C. and that her actions and any omissions at issue in this case likewise occurred in Washington D.C., but otherwise denies that all "actions and omissions alleged in this case occurred in Washington, D.C." The allegations contained in the final sentence of Paragraph 8 of the Complaint set forth a statement of law to which no response is required.

9.      Federal Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 9 of the Complaint, and so denies the allegations.

10. Federal Defendant admits the allegations contained in the first sentence of Paragraph 10 of the Complaint. Federal Defendant admits that she is <u>a</u> "federal official in whom the ESA vests final responsibility for making decisions and promulgating regulations required by the ESA" and that she is "the federal official" for certain classes of species, but denies the more broad statement of the second sentence of Paragraph 10.

11. The allegations contained in the Paragraph 11 of the Complaint set forth a statement of law to which no response is required.

12. The allegations contained in the Paragraph 12 of the Complaint set forth a statement of law to which no response is required.

13. The allegations contained in the Paragraph 13 of the Complaint set forth a statement of law to which no response is required.

14. The allegations contained in the Paragraph 14 of the Complaint set forth a statement of law to which no response is required.

15. The allegations contained in the Paragraph 15 of the Complaint set forth a statement of law to which no response is required.

16. The allegations contained in the Paragraph 16 of the Complaint set forth a statement of law to which no response is required.

17. The allegations contained in the Paragraph 17 of the Complaint set forth a statement of law to which no response is required.

18. The allegations contained in the Paragraph 18 of the Complaint set forth a statement of law to which no response is required. To the extent that Paragraph 18 consists of quotations from and/or summaries of documents, Federal Defendant notes that the

document(s) themselves are the best evidence of their contents. Federal Defendant further notes that the document apparently referenced in Paragraph 18 may be incorrectly cited.

19. The allegations contained in the Paragraph 19 of the Complaint set forth a statement of law to which no response is required.

20. To the extent that Paragraph 20 of the Complaint consists of quotations from and/or summaries of documents, Federal Defendant notes that the document(s) themselves are the best evidence of their contents. Federal Defendant admits any remaining allegations contained in Paragraph 20.

21. To the extent that Paragraph 21 of the Complaint consists of quotations from and/or summaries of documents, Federal Defendant notes that the document(s) themselves are the best evidence of their contents. To the extent that any remaining allegations of Paragraph 21 are intended to extend beyond the date of the referenced document, Federal Defendant denies any such remaining allegations.

22. To the extent that Paragraph 22 of the Complaint consists of quotations from and/or summaries of documents, Federal Defendant notes that the document(s) themselves are the best evidence of their contents. Federal Defendant admits any remaining allegations contained in Paragraph 22.

23. To the extent that Paragraph 23 of the Complaint consists of quotations from and/or summaries of documents, Federal Defendant notes that the document(s) themselves are the best evidence of their contents. Federal Defendant admits any remaining allegations contained in Paragraph 23.

24.     To the extent that Paragraph 24 of the Complaint consists of quotations from and/or summaries of documents, Federal Defendant notes that the document(s) themselves are the best evidence of their contents.  Federal Defendant admits any remaining allegations contained in Paragraph 24.

25.     To the extent that Paragraph 25 of the Complaint consists of quotations from and/or summaries of documents, Federal Defendant notes that the document(s) themselves are the best evidence of their contents.  Federal Defendant admits any remaining allegations contained in Paragraph 25.

26.     To the extent that the first sentence of Paragraph 26 of the Complaint consists of quotations from and/or summaries of documents, Federal Defendant notes that the document(s) themselves are the best evidence of their contents.  Federal Defendant admits any remaining allegations contained in the first sentence of Paragraph 26.  The remaining allegations contained in the Paragraph 26 set forth a statement of law to which no response is required.

27.     To the extent that Paragraph 27 of the Complaint consists of quotations from and/or summaries of documents, Federal Defendant notes that the document(s) themselves are the best evidence of their contents.  To the extent that the allegations contained in Paragraph 27 set forth a statement of law, no response is required; but to the extent a response is required, such allegations are denied.

28.     To the extent that Paragraph 28 of the Complaint consists of quotations from and/or summaries of documents, Federal Defendant notes that the document(s) themselves are the best evidence of their contents.  To the extent that the allegations contained in Paragraph 28

set forth a statement of law, no response is required; but to the extent a response is required, such allegations are denied.

29.     The allegations contained in the Paragraph 29 of the Complaint set forth a statement of law to which no response is required; but to the extent a response is required, the allegations are denied.

30.     Federal Defendant likewise incorporates by reference the answers to the referenced paragraphs of the Complaint.

31.     The allegations contained in the Paragraph 31 of the Complaint set forth a statement of law to which no response is required; but to the extent a response is required, the allegations are denied.

The remaining portions of Plaintiffs' Complaint state Plaintiffs' prayer for relief to which no response is required; but insofar as an answer may be deemed to be required, Federal Defendant denies that Plaintiffs are entitled to the relief requested or to any relief whatsoever. Federal Defendant denies each and every allegation in the Complaint not expressly admitted herein.

WHEREFORE, having fully answered, Federal Defendant respectfully requests that Plaintiffs claims be denied and that judgment be entered in her favor.

        Respectfully submitted,

        Dated: October 18, 2005

        KELLY A. JOHNSON, Acting Assistant Attorney General
        United States Department of Justice
        Environment and Natural Resources Division
        JEAN E. WILLIAMS, Section Chief
        LISA L. RUSSELL, Assistant Section Chief

            /s/
        _____
        JOSEPH H. KIM, Trial Attorney (IL6243249)
        United States Department of Justice
        Environment and Natural Resources Division
        Wildlife and Marine Resources Section
        Benjamin Franklin Station, P.O. Box 7369
        Washington, D.C. 20044-7369
        Telephone: (202) 305-0207
        Facsimile: (202) 305-0275

        Attorneys for Federal Defendant