**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MARILYN WALL,  et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | )Civil Action No. 1: 05cv01363 (RCL) |
| GALE NORTON, sued in her official capacity as | ) |
| Secretary of the Interior, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**JOINT REPORT**

As an initial matter, the parties note that they have a fundamental disagreement about the

nature of this proceeding.  Defendant believes that this case is "an action for review on an

administrative record" and thus, pursuant to LCvR 16.3(b)(1), the requirements of LCvR 16.3

and Fed.R.Civ.P. 16(b) and 26(f) do not apply.  Plaintiffs disagree.  Notwithstanding this

fundamental disagreement, the parties have discussed the matters referenced in LCvR 16.3(c),

and their respective positions are outlined below.  Plaintiffs believe that the Court need not

resolve this issue now and that it is likely that the merits of the case can be resolved without

resolving the record review issue.

> **1.    Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.**

The case is likely to be disposed of by dispositive motions.  No dispositive motions have

been filed

> **2.    The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

The parties do not believe that it is likely that other parties will be joined, or that the pleadings will be amended.  However, the parties propose that pleadings may be amended and other parties joined up until 30 days after the Defendant files the Administrative Record.[1]

As to the narrowing or agreeing upon some factual and legal issues, Plaintiffs believe that the case could be greatly simplified and judicial economy enhanced if Defendant directly admitted or denied the allegations in the second and third sentence of paragraph 27 and all of paragraph 28 of the complaint.  The responses to these allegations that Defendant provided in her Answer do not comply with Fed.R.Civ.P. 8(b).  Defendant denies that her answers fail to comply with Fed.R.Civ.P. 8(b), and notes that no motion is pending regarding the sufficiency of her answer.

**3.      Whether this case should be assigned to a magistrate judge for all purposes, including trial.**

The parties do not agree that this case should be assigned to a magistrate judge for all purposes including trial.

**4.      Whether there is a realistic possibility of settling the case.**

The parties believe there is a realistic possibility of settling the case at this point.

**5.      Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

Counsel have discussed ADR and their response to this provision with their clients. Plaintiffs do not believe that this case could benefit from ADR procedures.   Defendant does not want to foreclose the possibility of using ADR to bridge a possible settlement gap at this point.

**6.      Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross motions, oppositions, and replies; and proposed dates for a decision on the motions.**

---

[1] Plaintiffs do not necessarily agree at this point that an administrative record is appropriate in this case but in the interest of clarity, Plaintiffs agree to the use of the term "administrative record" in this report.

The parties anticipate that the case will be resolved by dispositive motions.  The parties

propose the following schedule:

| | |
|---|---|
| February 10, 2006 | Defendant files the Administrative Record |
| March 1, 2006 | Plaintiffs file their Motion for Summary Judgment and Supporting Memorandum. |
| March 29, 2006 | Defendant files her combined Memorandum in Support of their Cross Motion for Summary Judgment and in Opposition to Plaintiffs' Motion for Summary Judgment: |
| April 14, 2006 | Plaintiffs file their combined Opposition to Defendant's Cross Motion for Summary Judgment and Reply in support of Plaintiffs' Motion for Summary Judgment. |
| April 28, 2006 | Defendant files her Reply in support of Defendant's Cross Motion for Summary Judgment. |
| May 5, 2006 | Because Plaintiff has the burden in this case and the party with the burden typically has the final word, Plaintiff reserves the right to file a sur-reply to Defendant's reply if Plaintiff believes that Defendant's reply raises any new issues. |

The parties suggest that the Court issue its decision on the motions as soon as it is convenient.

> **7.**    **Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P, and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

Plaintiffs are willing to stipulate to dispensing with initial disclosures.  As noted above,

Defendant believes that this case is exempt from the initial disclosures requirement.

> **8.**    **The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery (e.g. number of interrogatories, number of depositions, duration of depositions); whether a protective order is appropriate; and a date for completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

The Defendant does not believe discovery is appropriate in this case.  Plaintiffs believe

that discovery is permissible in this case but are willing to review what the Defendant files as the

"administrative record" before deciding whether they need to seek discovery in this case.

9.      **Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P, should be modified and whether and when depositions of experts should occur.**

The parties have not yet made any determination as to whether the use of experts

may be appropriate in this case.

10.     **In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

The present proceeding is not a class action, so this item is inapplicable.

11.     **Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

The parties do not believe that there needs to be a bifurcated trial or discovery in this

case.

12.     **The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

Because this case can likely be resolved by dispositive motions, a pretrial conference

appears unnecessary to the parties at this time.

13.     **Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

Because this case can likely be resolved by dispositive motions, a trial date appears

unnecessary to the parties at this time.


Dated: November 15, 2005

Respectfully submitted,

_____

 /s
Robert Ukeiley (MD14062)
Law Office of Robert Ukeiley
433 Chestnut Street
Berea, KY 40403
Tel: (859) 986-5402
Fax: (859) 986-1299
E-mail: rukeiley@igc.org

Counsel for Plaintiffs



KELLY A. JOHNSON, Acting Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division
JEAN E. WILLIAMS, Section Chief
LISA L. RUSSELL, Assistant Section Chief

s/

_____
JOSEPH H. KIM, Trial Attorney (IL6243249)
United States Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
Benjamin Franklin Station, P.O. Box 7369
Washington, D.C. 20044-7369
Telephone: (202) 305-0207
Facsimile: (202) 305-0275

Attorneys for Defendants