UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARILYN WALL and  
LEONARD H. FREMONT,

      Plaintiffs,

   v.

P. LYNN SCARLETT, sued in her official capacity as Acting Secretary of the Interior, United States Department of the Interior,

      Defendant.

Civ. No. 05-01363-RCL

**STIPULATED SETTLEMENT AGREEMENT AND [PROPOSED] ORDER**

Plaintiffs, Marilyn Wall and Leonard H. Fremont, and Defendant, P. Lynn Scarlett,[1] by and through their undersigned counsel, state as follows:

WHEREAS, the United States Fish and Wildlife Service ("Service"), pursuant to the Endangered Species Act ("ESA"), 16 U.S.C. § 1531 et. seq., published a final rule listing the Lake Erie water snake (*Nerodia sipedon insularum*) as a threatened species under the ESA. 64 Fed. Reg. 47,126 (August 30, 1999).

WHEREAS, in the above Federal Register notice, the Service found that designating critical habitat for the species was "not prudent."

WHEREAS, on July 8, 2005, Plaintiffs filed a Complaint for declaratory and injunctive relief, pursuant to the ESA and/or the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et.

---

[1] Pursuant to Fed. R. Civ. P. 25(d)(1), in her official capacity, P. Lynn Scarlett is automatically substituted as a Defendant in place of Gale Norton.

seq., challenging the Service's determination that it was "not prudent" to designate critical habitat for the Lake Erie water snake.

WHEREAS, Plaintiffs and Defendant, through their authorized representatives, and without any admission or final adjudication of the issues of fact or law with respect to Plaintiffs' claims, have reached a settlement that they consider to be a just, fair, adequate, and equitable resolution of the disputes set forth in Plaintiffs' Complaint.

WHEREAS, Plaintiffs and Defendant agree that settlement of this action in this manner is in the public interest and is an appropriate way to resolve the dispute between them.

NOW, THEREFORE, IT IS STIPULATED BY AND BETWEEN THE PARTIES AS FOLLOWS:

1. Provided that the Lake Erie water snake continues to be a listed species under the ESA, the Service shall issue a new critical habitat prudency determination pursuant to ESA § 4(a)(3), 16 U.S.C. § 1533(a)(3), for the Lake Erie water snake by no later than June 1, 2010. If the Service determines that it is prudent to designate critical habitat, then the Service shall submit to the Federal Register a proposed critical habitat designation for the Lake Erie water snake by no later than June 1, 2010.

2. Provided that the Lake Erie water snake continues to be a listed species under the ESA, the Service shall continue to conduct annual population surveys of the Lake Erie water snake until at least the date referenced in Paragraph 1, above, subject to the then-availability of appropriated funds.

3. If, and only if, the resulting estimate of any annual population survey referenced in Paragraph 2 indicate that the overall population of the Lake Erie water snake on the nine (9) U.S.

islands surveyed is less than 5,555 adults, or if any such survey provides that the adult sub-population on any of the following islands is less that the number noted, then the provisions of Paragraphs 4 and 5 of this Stipulated Settlement Agreement and Order shall become effective:

>Kellys Island -- 900;

>South Bass Island -- 850;

>Middle Bass Island -- 620; or

>North Bass Island -- 410.

4.      If, and only if, the resulting estimate of any annual population survey referenced in Paragraphs 2 and 3 above indicate that population numbers of the Lake Erie water snake are less than the numbers referenced in Paragraph 3, then, subject to the then-availability of appropriated funds, the Service shall issue a new critical habitat prudency determination pursuant to ESA § 4(a)(3), 16 U.S.C. § 1533(a)(3), for the Lake Erie water snake by the end of the next fiscal year following the fiscal year in which such survey was completed.  If the Service determines that it is prudent to designate critical habitat, then the Service shall submit to the Federal Register a proposed critical habitat designation for the Lake Erie water snake by the end of the next fiscal year following the fiscal year in which such survey was completed.

5.      If Paragraph 4 is effective, and if the Service believes that the then-availability of appropriated funds (taking into account the Service's then-existing obligations pursuant to court orders and/or settlement agreements) will preclude the issuance of such a new critical habitat prudency determination and any proposed critical habitat designation by the end of such following fiscal year, then the Service shall notify Plaintiffs of the same by November 1 of the year of such survey, and Plaintiffs may then meet and confer with the Service to determine in good faith an

appropriate deadline for such a prudency determination and any proposed critical habitat designation in light of the then-existing circumstances. If any good faith negotiations cannot result in an agreement, Plaintiffs may then petition the Court for resolution of this deadline, and the Court specifically retains jurisdiction to resolve any such dispute.

6. Either party may seek to modify the deadline for any actions specified herein for good cause shown. In that event, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the parties shall use the dispute resolution procedures specified in Paragraph 7, below.

7. The Order entering this Settlement Agreement ("Agreement") may be modified by the Court upon good cause shown by written stipulation between the parties, filed with and approved by the Court, or upon written motion filed by one of the parties and granted by the Court. In the event that either party seeks to modify the terms of this Agreement, including the deadline for any actions specified herein, or in the event of a dispute arising out of or relating to this Agreement, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the party seeking the modification, raising the dispute or seeking enforcement, shall provide the other party with written notice of the claim. The parties agree that they will meet and confer (in-person not required) at the earliest possible time in a good-faith effort to resolve the claim before bringing any matter to the Court. If the parties are unable to resolve the claim within 30 days after the notice, either party may bring the claim to the Court.

8. No party shall use this Agreement or the terms herein as evidence of what does or does not constitute a reasonable time line for designation of critical habitat in any other proceeding regarding the Service's implementation of the ESA.

9. Defendant agrees that Plaintiffs are the "prevailing party" in this action, and agrees to pay Plaintiff reasonable attorneys' fees and costs, pursuant to Section 11(g) of the ESA, 16 U.S.C. § 1540 (g). Therefore, Defendant agrees to settle all of Plaintiffs' claims for costs and attorneys' fees in the above-captioned litigation for a total of $13,107.50. A check will be made jointly payable in that amount to Plaintiffs and their undersigned counsel.

10. Defendant agrees to submit all necessary paperwork to the Department of the Treasury's Judgment Fund Office, pursuant to 16 U.S.C. § 1540(g)(4), within ten (10) business days of receipt of the signed court order approving this stipulation.

11. Plaintiffs agree to accept payment of $13,107.50 in full satisfaction of any and all claims for attorneys' fees and costs of litigation to which Plaintiffs are entitled in the above-captioned litigation, through and including the date of this agreement.

12. Plaintiffs agree that receipt of this payment from Defendant shall operate as a release of Plaintiffs' claims for attorneys' fees and costs in this matter, through and including the date of this agreement.

13. The parties agree that Plaintiffs reserve the right to seek additional fees and costs incurred subsequent to this agreement arising from a need to enforce or defend against efforts to modify the schedule outlined herein, or for any other unforseen continuation of this action.

14. By this agreement, Defendant does not waive any right to contest fees claimed by Plaintiffs or Plaintiffs' counsel, including the hourly rate, in any future litigation, or continuation of the present action. Further, this stipulation as to attorneys' fees and costs has no precedential value and shall not be used as evidence in any other attorneys' fees litigation.

15. No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendant take action in contravention of the Endangered Species Act, the Administrative Procedure Act, or any other law or regulation, either substantive or procedural. Nothing in this Agreement shall be construed to limit or modify the discretion accorded to the Service by the ESA, the APA, or general principles of administrative law with respect to the procedures to be followed in making any determination required herein, or as to the substance of any final determination.

16. Defendant asserts that no provision of this Agreement shall be interpreted as or constitute a commitment or requirement that Defendant obligate or pay funds in violation of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other law or regulation. In response, Plaintiffs assert that this Agreement cold not create a conflict with the Anti-Deficiency Act because the duty to respond to designate critical habitat is required in non-discretionary terms by the ESA. Plaintiffs intend to assert this position if Defendant fails to comply with the terms of this Agreement for reasons of insufficient appropriations. Defendant reserves all legal and equitable defenses to such an argument.

17. The parties agree that this Agreement was negotiated in good faith and it constitutes a settlement of claims that were vigorously contested, denied, and disputed by the parties. By entering into this Agreement, Plaintiffs and Defendant do not waive any claim or defense.

18. The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the Court's entry of the terms and conditions of this Agreement and do hereby agree to the terms herein.

19. The terms of this Agreement shall become effective upon entry of an order by the Court ratifying the Agreement.

20. Upon approval of this Agreement by the Court, all counts of Plaintiff's Complaint shall be dismissed with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1).

21. Notwithstanding the dismissal of this action, the parties hereby stipulate and respectfully request that the U.S. District Court retain jurisdiction to oversee compliance with the terms of this Agreement and to resolve any motions to modify such terms. See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994).

Dated this 1st day of May, 2006.

Respectfully submitted,

| | |
|---|---|
| s/ Robert Ukeiley (by J. Kim; w/ permission) | SUE ELLEN WOOLDRIDGE |
| ROBERT UKEILEY (MD14062) | Assistant Attorney General |
| Law Office of Robert Ukeiley | U.S. Department of Justice |
| 433 Chestnut Street | Environment and Natural Resources Division |
| Berea, KY  40403 | JEAN E. WILLIAMS, Section Chief |
| (859) 986-5402 | LISA L. RUSSELL, Assistant Section Chief |
| (859) 986-1299 (fax) | s/ Joseph H. Kim |
| | JOSEPH H. KIM, Trial Attorney (IL6243249) |
| Attorney for Plaintiffs | Wildlife and Marine Resources Section |
| | P.O. Box 7369 |
| | Washington, DC 20044-7369 |
| | (202) 305-0207 |
| | (202) 305-0275 (fax) |
| | |
| | Attorneys for Defendant |

## **ORDER**

    The terms and conditions of this Stipulated Settlement Agreement are hereby adopted as an enforceable ORDER of this Court, and this matter is hereby DISMISSED with prejudice.

IT IS SO ORDERED,

_____      _____
DATED      ROYCE C. LAMBERTH
     UNITED STATES DISTRICT JUDGE